(72 Misc. Rep. 404.)

### HEIMOWITZ v. BERG et al.

(Supreme Court, Appellate Term. June 29, 1911.)

CORPORATIONS (§ 123*)—PLEDGE OF STOCK—RIGHTS OF PLEDGEE.

    The lien of a pledgee of corporate stock was not lost by lending the stock to another for a week to vote it, and the pledgee's assignee can maintain suit for conversion on delivery of the stock by the borrower to a third person.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 481–546; Dec. Dig. § 123.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Paul Heimowitz against Isidor Berg and another. Judgment dismissing the complaint, and plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Nathan Kopf, for appellant.

C. H. Griffiths, for respondents.

GUY, J. Action for conversion of certain stocks pledged with plaintiff's assignor as security for a loan. Defendant Cukor borrowed the stock from the pledgee for the purpose of voting thereon, agreeing in writing to return it in a week. Cukor, instead of keeping his agreement, turned the stock over to Berg, who refused to return the stock, claiming, but not proving, that Cukor owed some money to a corporation of which he was an officer. Defendants offered no evidence, and the trial judge dismissed the complaint.

The delivery to Cukor was for a special purpose, and it did not defeat the pledgee's lien thereon. Markham v. Joudon, 41 N. Y. 236, 241; Fairbanks v. Sargent, 117 N. Y. 334, 22 N. E. 1039, 6 L. R. A. 475. Berg, on the proofs, had no more right to retain the stock without the plaintiff's consent than he would have had to take it forcibly.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes